L. W. McINTURF *v.* W. W. WOODRUFF & Co. *et al.*

HOMESTEAD. *Abandonment.* Removal from homestead, by one appointed to the office of jailor during the will and pleasure of the sheriff, to the jail, and occupation of it for a residence for a year, is not an abandonment of homestead.

FROM GREENE.

Appeal from the Chancery Court at Greeneville. H. C. SMITH, Ch.

H. H. INGERSOLL for complainant.

R. M. McKEE for defendant.

FREEMAN, J., delivered the opinion of the court.

Woodruff & Co. and McGaughey, Sons & Co. had judgments against complainant before a justice of the peace, on which executions issued, which were levied on a small house and lot in the town of Greeneville, which has been ordered to be sold by the circuit court under the levies. Woodruff & Co.'s judgment was had July, 1879, on a debt contracted in 1877—McGaughey, Sons & Co.'s debt was created in 1874, and judgment in 1877.

This bill is filed to enjoin the sale of the lot on a claim of homestead, based on the following statement: The complainant is the head of a family, resided on the place for ten years, but in the latter part of 1878, or early in 1879, was appointed jailor of the county, and removed to the jail, hard by, in order to give better supervision of the prisoners, as he says, during temporary repair of the jail. In the meantime the house was rented to a tenant from month to month—complainant using a shop on the lot as a gunsmith shop himself. He charges his change of residence was temporary, not intended to be permanent, and he never intended to abandon his homestead. He says he intended to return to his home as soon as the repairs were completed on the jail, and that he did return and occupy it during the year 1879. In the meantime it had been levied on by respondents.

The answers admit the facts as stated in the bill, except the intention to return soon to the homestead, but insist the homestead had been abandoned.

The proof shows an occupation of the jail residence for about twelve months as jailor—and complainant swears his intention was not to abandon, but to retain his homestead, as his appointment as jailor was for no definite period—and as we know, is subject to the will of the sheriff.

It seems to be settled by our decisions, that a clear abandonment in fact will forfeit the homestead right. The case of *Roach* v. *Hacker*, 2 Lea, 635–6, was such a case, where the husband had left his wife and gone to Kentucky, and the wife had removed, leaving the mother of her husband in charge, and had remained in another county for three years. · Abandonment is made out by the fact of leaving the possession, and the intention of the party so leaving, the latter to be shown by the acts of the party. We think with the chancellor, there was no abandonment in this case—only a temporary vacation of the possession, with intent to retain the home and re-occupy, which might occur at any time by dismissal from the position of jailor.

Respondents file their answer as a cross-bill, but simply to enforce their levies—nothing more. It was unnecessary. The remainder interest in the homestead is subject to the execution in future, but has not been levied on.

Affirm decree with costs.